*711 SHIRLEY S. ABRAHAMSON, J.
| 35. {dissenting). "The right to the assistance of counsel is necessary to ensure that a criminal defendant receives a fair trial, that all defendants stand equal before the law, and ultimately that justice is served."[1]
f 36. The instant case addresses the assertion that the circuit court denied Suriano's Sixth Amendment right to counsel.[2]
¶ 37. To protect an accused's right to counsel, to avoid after-the-fact legal disputes regarding whether an accused relinquished (that is, forfeited or waived)[3] the right to counsel, and to promote certainty and judicial efficiency, I would mandate an in-court, on-the-record colloquy by the circuit court with the accused in all cases pertaining to relinquishment of the fundamental right to counsel. The colloquy is set forth in Justice Geske's dissent in State v. Cummings, 199 Wis. 2d 721, 546 N.W.2d 406 (1996).[4]
¶ 38. The majority opinion "strongly recommends" this procedure. See majority op., ¶¶ 1, 34. I would require it.
¶ 39. I would require the circuit court record to reflect that the circuit court made the accused aware of the seriousness of the charges he or she faces, the *712 potential penalties that may be imposed upon a finding of guilt, and the difficulties and disadvantages of self-representation. Cummings, 199 Wis. 2d at 763 (Geske, J., dissenting).
f 40. In Cummings, Justice Geske sets forth the colloquy in which the circuit court shall:
(1) [Provide] explicit warnings that, if the defendant persists in [specific conduct], the court will find that the right to counsel has been forfeited . ... ;
(2) [Engage in] a colloquy indicating that the defendant has been made aware of the difficulties and dangers inherent in self-representation;
(3) [Make] a clear ruling when the court deems the right to counsel to have been forfeited; [and]
(4) [Make] factual findings to support the court's ruling....
Cummings, 199 Wis. 2d at 764 (Geske, J., dissenting).[5]
¶ 41. This procedure puts an accused on notice that his or her conduct will lead to a relinquishment of the right to counsel, ensures an accused's right to a fair trial, and discharges the circuit court's "special obligation [] of judicial responsibility that [it] faces when dealing with an unrepresented [criminal] defendant."[6]
*713 ¶ 42. Although forfeiture of the right to counsel, constructive waiver of the right to counsel, and voluntary waiver of the right to counsel are different doctrines of law, the application of these doctrines may blend and overlap in certain circumstances. There does not seem to be any reason (except perhaps in an emergency situation not presented in the instant case) why the same procedural safeguards should not be imposed in all cases involving the relinquishment of the right to counsel.
¶ 43. I joined Justice Geske's dissent in CmTi-mings, and I am even more persuaded by it now than then.
¶ 44. When this court decided Cummings, the case law did not require a colloquy in which a circuit court explored with the accused whether the accused was voluntarily waiving, as opposed to constructively waiving or forfeiting, the right to counsel. See State v. Pickens, 96 Wis. 2d 549, 601, 292 N.W.2d 601 (1980).
¶ 45. Pickens has been "overruled" since Cummings to the extent that "we mandate the use of a colloquy in every case where a defendant seeks to proceed pro se to prove knowing and voluntary waiver of the right to counsel." State v. Klessig, 211 Wis. 2d 194, 206, 564 N.W.2d 716 (1997).
f 46. The Klessig court explained that the circuit court's conducting an examination of the accused "is the clearest and most efficient means of insuring" that the waiver of the right to counsel was valid, and *714 preserves and documents the accused's waiver for purposes of review. Klessig, 211 Wis. 2d at 206. "Thus," wrote the court in Klessig, "a properly conducted colloquy serves the dual purposes of ensuring that a defendant is not deprived of his constitutional rights and of efficiently guarding our scarce judicial resources." Klessig, 211 Wis. 2d at 206.
f 47. The colloquy required by Klessig is substantially similar to that set forth in the Cummings dissent. The circuit courts are therefore familiar with and already use the colloquy in voluntary waiver of counsel cases. Requiring the colloquy in all cases involving the relinquishment of counsel is not too much of a burden on the circuit courts and might even be viewed as a simplification of process.
f 48. On the basis of the record in the instant case I cannot conclude that Suriano validly relinquished his Sixth Amendment right to counsel.
¶ 49. Accordingly, I dissent.
¶ 50. I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.

 State v. Klessig, 211 Wis. 2d 194, 201, 564 N.W.2d 716 (1997).

 An accused also has the right to self-representation. Klessig, 211 Wis. 2d at 202.

 The presumption is that the right to counsel is not waived. "It has been pointed out that courts indulge every reasonable presumption against waiver of fundamental constitutional right and that we do not presume acquiescence in the loss of fundamental rights." Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (internal quotation marks omitted).

 For an in-court procedure similar to that proposed by Justice Geske, see Wis JI—Criminal SM 30.

 As a fifth point, Justice Geske addressed the appointment of standby counsel if the defendant forfeits his or her right to counsel. "Standby counsel serves not only to safeguard a defendant's constitutionally protected rights but also to advance the court's objectives of judicial efficiency by assisting the accused in overcoming routine procedural and evidentiary obstacles." State v. Cummings, 199 Wis. 2d 721, 764-65, 546 N.W.2d 406 (1996) (Geske, J., dissenting).

 Cummings, 199 Wis. 2d at 762, (Geske, J., dissenting); see also Johnson v. Zerbst, 304 U.S. 458, 465 (1938):
*713 The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.